United States District Court
Southern District of Texas
**ENTERED**
May 29, 2026
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

|  |  |  |
|---|---|---|
| GIOBANY MORA-RODRIGUEZ, | § | CIVIL ACTION NUMBER |
|  | § | 4:26-cv-03302 |
| Petitioner, | § |  |
|  | § |  |
|  | § | JUDGE CHARLES ESKRIDGE |
| versus | § |  |
|  | § |  |
|  | § |  |
| TODD BLANCHE, *et al*, | § |  |
| Respondents. | § |  |

## ORDER ON DISMISSAL

Pending is a petition for writ of *habeas corpus* by Petitioner Giobany Mora-Rodriguez under 28 USC §2241. Dkt 1. He acknowledges illegal entry into the United States at a prior date but nonetheless asserts that his present detention under 8 USC §1225(b), after previously being paroled into the United States for one year, violates (i) the Due Process Clause of the Fifth Amendment, (ii) the Administrative Procedure Act, (iii) equal protection, (iv) equitable estoppel, and (v) the Suspension Clause. Id at ¶¶46–100.

Pending also is a motion by the Government for summary judgment. Dkt 7. It maintains that no bond hearing is required because Petitioner is subject to mandatory detention under 8 USC §1225(b)(2)(A). Id at 1. It further contends that Petitioner's claims fail on the merits. Id at 3–14.

Petitioner on reply reasserts each of his substantive claims. Dkt 8. Of note, he argues that the Government's failure to apprehend him upon expiration of his parole sounds in equitable estoppel and created "a liberty interest for him to be free from detention." Id at 12–13.

The Fifth Circuit has now issued a controlling decision in *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026). In sum, it holds that anyone present in the United States without legal admission is both an "applicant for admission" and deemed to be "seeking admission," and that all such persons are thus subject to mandatory detention under 8 USC §1225(b)(2)(A). See id at 502–08.

The undersigned has also determined a number of other issues since the Fifth Circuit decided *Buenrostro-Mendez*. For example, see:

- *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex): Holding that procedural due process doesn't require an individualized custody determination beyond the mandate of 8 USC §1225(b)(2)(A).

- *Herrera Estrada v Thompson,* 4:26-cv-01238 (SD Tex, Apr 27, 2026): Holding that pre-removal-order detention authorized by 8 USC §1225(b)(2)(A) doesn't violate due process while deportation proceedings are pending even when it exceeds the six-month period set out in *Zadvydas v Davis*, 533 US 678 (2001), as to post-removal-order detention.

- *Llanes Carnesolta v Tate*, 2026 WL 948727 (SD Tex): Holding that disparate treatment between those detained under §1225(b)(2)(A) and §1226(a) doesn't violate equal protection, and (ii) claims under the Suspension Clause necessarily fail to the extent that petitions are addressed on the merits.

- *Marcelo-Aguila v Noem*, 2026 WL 936337 (SD Tex): Holding that an alien's prior release on supervision doesn't constrain the Government's authority to detain an applicant for admission under §1225(b)(2)(A) without an individualized custody determination.

- *Matos Carmenaty v Frink,* 4:26-cv-01614 (SD Tex, May 27, 2026): Holding that the

2

> Government's failure to re-apprehend a paroled alien after expiration of parole has no bearing on later detention under §1225(b).
>
> o *Garcia Tabon v Dickey*, 4:25-06145 (SD Tex, Jan 22, 2026): Dismissing a claim under the APA as foreclosed by 5 USC §704 given adequacy of *habeas* relief and otherwise relying on statutory interpretation rejected in *Buenrostro-Mendez*.

The arguments presented in the petition and reply raise issues resolved to the contrary in the decisions cited above.

Petitioner also argues that the Government should be equitably estopped from applying §1225(b)(2)(A) to him. Dkts 1 at ¶¶85–89 & 8 at 12–13. The Fifth Circuit notes that equitable estoppel "is rarely valid against the government" and applied "in only the narrowest of circumstances." *United States v Bloom*, 112 F3d 200, 205 (5th Cir 1997). To establish estoppel against the government, a party must prove five elements, being: (i) affirmative misconduct by the government, (ii) the government was aware of the facts, (iii) the government intended that its act or omission to be acted upon, (iv) the party asserting estoppel lacked knowledge of the facts, and (v) the party reasonably relied on the government's conduct to his substantial injury. Ibid.

Petitioner asserts on this point that the Government engaged in "affirmative misconduct" by failing to immediately re-arrest him after his parole expired. See Dkt 8 at 12–13. But as noted above, Petitioner's prior parole doesn't at all insulate him from detention under §1225(b)(2). See *Matos Carmenaty*, 4:26-cv-01614. To the contrary, upon expiration of that parole, Petitioner reverted to the status of an "applicant for admission" subject to detention under §1225(b)(2). See 8 USC §1182(d)(5)(A). His present detention, then, rests on statutory authority and cannot be plausibly characterized as government misconduct.

3

Petitioner thus hasn't established that his current detention violates either the Constitution or federal law.

The motion by the Government for summary judgment is GRANTED. Dkt 7.

The petition for writ of *habeas corpus* by Petitioner Giobany Mora-Rodriguez is thus DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

A final judgment will enter separately.

SO ORDERED.

Signed on __May 28, 2026__ , at Houston, Texas.

Honorable Charles Eskridge
United States District Judge

4